## W. O. WHITE V. THE STATE.

No. 20276. Delivered March 22, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*Harry P. Allen,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery; the punishment assessed is confinement in the state penitentiary for a term of 5 years.

The record is before us without bills of exceptions or objections to the court's charge. The indictment is sufficient to charge the offense. Hence the only question for us to determine is the sufficiency of the evidence to sustain the conviction.

The record shows that on the night of May 18, 1938, Theresa Thrash was in charge of Cobb's Liquor Store, located on Travis Street in the City of Houston. Appellant entered the

store with a pistol and said: "This is a stick up. Get in the back room." When the witness declined to do so, he commanded her to stay where she was. He then went around to the cash register, and took therefrom $20 in bills and $2 in nickels which were wrapped in paper with the words "Ice Cream Company" stamped thereon.

Appellant was arrested about 3 A. M. as he was preparing to catch a bus bound for Dallas. He was taken to the police station where he made a written voluntary confession. All of the money except two dollars was recovered. Appellant was definitely identified by the party robbed as the one who robbed her.

Upon his trial, appellant repudiated the confession and denied being the party who committed the offense.

We deem the evidence sufficient to sustain the conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists that this case should have been reversed because of the failure of his attorney to properly preserve his bills of exception, and present the same to the trial court and to this court. He presents appellant's affidavit, attached to this motion for rehearing, in which he complains of the lack of experience of the attorney of his own first choice, and asks again a careful review of this record.

We are at loss to see what more his attorney could have done than that which he did do. Appellant was positively identified by the lady who was robbed; he was arrested and found to be in possession of approximately the amount of money taken in the robbery, a portion thereof being two dollars in nickels in wrappers bearing the name of an ice cream company, which the lady identified as exactly like two dollars in nickels in similar wrappers that the robber took from her. He signed a confession, admitting the whole transaction, even going into details that the lady who was robbed also testified to, and going so far as to tell the officers that he had used a toy pistol in the robbery, which toy pistol was found at ap-

pellant's lodging place, and was also identified by the person robbed, who thought it was an ordinary pistol.

We can not consider the affidavit filed in this court for the first time relating to the matters contained therein. We do confess, however, that the testimony seems to be practically free from doubt that appellant was guilty of robbery, with no error shown in the trial.

The motion will be overruled.